# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

PEDRO ALBERTO CASTILLO-DELEON, )
)
    Petitioner, ) CIVIL ACTION NO.: CV514-051
)
v. )
)
STATE OF GEORGIA, and SAM )
OLENS, Attorney General, )
)
    Respondents. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Pedro Castillo-DeLeon ("Castillo-DeLeon"), who is currently incarcerated at the D. Ray James Detention Center in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction obtained in the Superior Court of DeKalb County, Georgia. Respondent filed an Answer-Response and a Motion to Dismiss. Respondent also filed a Motion to Dismiss Samuel Olens as a party Respondent. Respondent's unopposed Motion, (doc. no. 8), should be **GRANTED** as unopposed. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**, and Castillo-DeLeon's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Castillo-DeLeon was convicted in the DeKalb County Superior Court of aggravated assault after he pled guilty to that offense on December 17, 2004. Castillo-DeLeon was sentenced to a split sentence of one year of confinement followed by nine

(9) years' probation. (Doc. No. 9-1). Castillo-DeLeon did not file a direct appeal, nor did he file a petition for writ of habeas corpus in the courts for the State of Georgia.

In this petition, which was executed on July 8, 2014, Castillo-DeLeon asserts that his trial counsel was ineffective because his attorney failed to warn him prior to the entry of the guilty plea that he would be deported. Castillo-DeLeon also asserts that his attorney informed him that he did not have to worry about his immigration status because he had been in this country for so long. Castillo-DeLeon also asserts that he would have insisted on proceeding to trial if his attorney's advice had not been erroneous.

Respondent contends that Castillo-DeLeon's petition was filed untimely and should be dismissed. In the alternative, Respondent alleges that Castillo-DeLeon's petition should be dismissed for failure to state a claim.

## **DISCUSSION AND CITATION TO AUTHORITY**

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

AO 72A
(Rev. 8/82)

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Castillo-DeLeon's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Castillo-DeLeon was sentenced in the DeKalb County Superior Court on December 17, 2004, and he did not file a direct appeal. Castillo-DeLeon had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Thus, his conviction became final on or about January 17, 2005, as January 16, 2005, was a Sunday. Because Castillo-DeLeon's conviction became final on January 17, 2005, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be

mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Castillo-DeLeon's conviction became final on January 17, 2005. Castillo-DeLeon then had one (1) year from that date, or until January 17, 2006, to file a timely section 2254 petition. Castillo-DeLeon did not execute his petition until July 8, 2014, which is over eight (8) years after the expiration of the applicable statute of limitations period. Castillo-DeLeon's petition was filed untimely.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Castillo-DeLeon's petition for writ of habeas corpus be **DISMISSED**, with prejudice, as it was untimely filed.

**SO REPORTED** and **RECOMMENDED**, this 10th day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)